UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL P. JOHNSON,

                Plaintiff,                              REPORT AND
                                                                     RECOMMENDATION
   -against-                                           16 CV 4219 (LDH)(RML)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated October 31, 2019, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1) to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND

        Plaintiff Michael P. Johnson ("plaintiff") commenced this case on August 2, 2016, seeking review of the Social Security Administration's denial of his application for benefits. (See Complaint, dated Aug. 2, 2016, Dkt. No. 1.) By Order dated January 3, 2018, Judge DeArcy Hall granted in part and denied in part plaintiff's motion for judgment on the pleadings; denied defendant's motion for judgment on the pleadings; and remanded the Social Security Commissioner's decision for further proceedings and additional findings pursuant to 42 U.S.C. § 405(g). (See Order, dated Jan. 3, 2018, Dkt. No. 23.) By Stipulation and Order dated March 6, 2018, plaintiff was awarded $7,000 in attorney's fees in full satisfaction of any claim under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. However, plaintiff's counsel did not receive that EAJA fee, because the United States Department of the Treasury withheld

that amount and applied it toward plaintiff's delinquent student loan debt. (See Declaration of Anselmo A. Alegria, Esq., dated Oct. 28, 2019 ("Alegria Decl."), Dkt. No. 33, ¶¶ 14, 15, Ex. 6.)

On August 15, 2019, upon remand and after an administrative hearing, an administrative law judge rendered a Fully Favorable decision, finding plaintiff disabled. On September 17, 2019, the Social Security Administration (the "SSA") issued a Notice of Award to plaintiff, finding that he was entitled to $49,364.80 in retroactive disability payments. (Id. ¶¶ 4, 5, Ex. 2 ("Notice of Award").) In a Notice of Change of Payment issued on September 30, 2019, the SSA corrected that amount to a total of $40,861.05. (See Letter of AUSA Candace Scott Appleton, dated Nov. 26, 2019 ("Appleton Ltr."), Dkt. No. 35, at 3, Exs. A, B.)[1] In the Notice of Award, the SSA advised plaintiff that it was withholding $6,000 from his past-due disability insurance benefits for possible attorney's fee claims related to counsel's representation of plaintiff before the SSA. (See id. at 1; Notice of Award.) On October 21, 2019, the SSA paid plaintiff's counsel $6,000, less a non-refundable administrative surcharge of $95. (Alegria Decl. ¶ 16.)

Plaintiff now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1), for counsel's representation of plaintiff before this court. Plaintiff's counsel requests a fee totaling twenty-five percent of plaintiff's retroactive social security benefits, per the contingency-fee retainer agreement. (See Alegria Decl. ¶ 6, Ex. 3.) Plaintiff's counsel states that he has practiced social security disability law since 2009 and has handled approximately 400 social security disability cases. (Id. ¶¶ 20-21.) He has submitted time records documenting that he spent 37.98 hours representing plaintiff in this court. (Id., Ex. 4.)

---

[1] The SSA determined that plaintiff was not owed payments from May 2013 to September 2014. (See Appleton Ltr., Ex. A.)

## DISCUSSION

42 U.S.C. § 406(b)(1) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter, who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% percent of the total of past-due benefits to which the claimant is entitled….

42 U.S.C. § 406(b)(1)(A). Under Rule 54 of the Federal Rules of Civil Procedure, a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B). Thus, the Second Circuit recently held that "[o]nce counsel receives notice of the [social security] benefits award—and, therefore, the maximum attorney's fees that may be claimed," Rule 54(d)(2)(B)'s fourteen-day limitations period applies to a § 406(b)(1) filing, "just as it would apply to any other final or appealable judgment." Sinkler v. Berryhill, 932 F.3d 83, 88 (2d Cir. 2019) (denying motion for attorney's fees filed six months after plaintiff received notification of entitlement to past-due benefits). The fourteen-day limitations period for fee applications "is not absolute" and "district courts are empowered to enlarge that filing period where circumstances warrant." Id. at 89 (citing Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010); Pierce v. Barnhart, 440 F.3d 657, 664 (5th Cir. 2006); Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 n.2 (11th Cir. 2006)). The Second Circuit has stated that it will "generally defer to a district court in deciding when such an alteration is appropriate." Id. at 89–90.

Here, the Notice of Award is dated September 17, 2019, and counsel is deemed to have received it on September 23, 2019. (See Appleton Ltr. at 2 (adding six days for mailing, in light of the intervening weekend)). The Notice of Change of Payment was issued on September 30, 2019, and counsel is deemed to have received it on October 3, 2019. Therefore, if the fourteen-day deadline is calculated from the date of the Notice of Change of Payment, plaintiff's

3

fee application was due by October 17, 2019. However, plaintiff filed the § 406(b) fee petition on October 28, 2019, approximately eleven days late.

While the motion is technically untimely under Rule 54, that lateness is not fatal. Other courts, applying Sinkler, have excused similar delays. See Walkowiak v. Comm'r of Soc. Sec., No. 17 CV 93S, 2019 WL 6242549, at *2 (W.D.N.Y. Nov. 22, 2019) (deeming § 406(b) motion timely where it was "just one day late under Sinkler"); David B. v. Comm'r of Soc. Sec., No. 17 CV 1242, 2019 WL 6123780, at *2 (N.D.N.Y. Nov. 19, 2019) (granting application for attorney's fees that was filed approximately eleven days late); Lesterhuis v. Comm'r of Soc. Sec., No. 12 CV 6626, 2019 WL 4892681, at *2 (W.D.N.Y. Oct. 4, 2019) (granting § 406(b) motion filed "just nine days after the 14-day deadline—a short delay in marked contrast to the six-month delay in Sinkler.").[2] Plaintiff explains that on September 19, 2019, before he received the Notice of Award, he had filed an appeal with the Social Security Administration's Appeals Council, arguing that the ALJ had erred in finding, inter alia, that he was only entitled to Supplemental Security Income and not Social Security Disability Insurance benefits. (See Plaintiff's Reply, dated Dec. 11, 2019, Dkt. No. 36, at 2.) To date, plaintiff has not received a response from the Social Security Commissioner concerning his appeal. (Id.) He did receive the September 30, 2019 Notice of Change in Payment, but he claims that letter did not address the issues raised in his appeal. After waiting approximately four weeks for a decision on his appeal, plaintiff decided to file his attorney's fees motion. (Id. at 2-3.) I find this explanation persuasive, and I therefore recommend that plaintiff's brief delay be excused.

---

[2] Courts have been forgiving of short delays in view of the fact that the Second Circuit issued its decision in Sinkler on August 2, 2019, resolving uncertainty concerning whether Rule 54(d)(2)(B) or Rule 60(b) determines the timeliness of § 406(b) motions. Counsel is now on notice that fee applications must be submitted within fourteen days of receipt of the Notice of Benefits.

As for the amount requested in plaintiff's motion, the court will enforce the contingency fee arrangement unless it is unreasonable. Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990). In deciding whether a fee is unreasonable, a court should consider "whether the requested amount is so large as to be a windfall to the attorney." Id. at 372; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). To determine whether an award would constitute a windfall, courts in this circuit have identified several considerations, including:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Porter v. Comm'r of Soc. Sec., No. 06 CV 1150, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting Rowell v. Astrue, No. 05 CV 1592, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). Additionally, a reasonable fee will take into account the heightened risk associated with contingency agreements, where payment is "inevitably uncertain." Nieves v. Colvin, No. 13 CV 1439, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (quoting Wells, 907 F.2d at 371).

Counsel's request for twenty-five percent of the total award does not exceed the statutory maximum. Moreover, counsel secured a positive outcome for his client and obtained a remand to the Commissioner. It is clear that counsel did not simply use boilerplate arguments, but expended the requisite effort in conducting research and drafting his motion for judgment on the pleadings. Finally, courts in this circuit have found that it is reasonable for an experienced attorney to spend between twenty and forty hours on a social security matter.[3] See, e.g.,

---

[3] I also note that this results in an hourly rate of $268.96 ($10,215.26/37.98), which is well within the range of hourly rates that have been approved in social security cases in this district.

5

Almodovar v. Saul, No. 16 CV 7419, 2019 WL 6207784, at *3 (S.D.N.Y. Nov. 21, 2019) (citing Borus v. Astrue, No. 09 CV 4723, 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012)).  Indeed, the Commissioner does not oppose the requested twenty-five percent fee award as unreasonable. (See Appleton Ltr. at 3.)  I therefore respectfully recommend that the motion be granted and that plaintiff's counsel be awarded twenty-five percent of the $40,861.05 award, for a total of $10,215.26.[4]

---

See, e.g., Barbour v. Colvin, No. 12 CV 548, 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work, an effective hourly rate of $599); Warren v. Astrue, No. 06 CV 2933, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000 is a substantial sum for 38 hours of work, [i.e., an effective hourly rate of $657,] it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement.").

[4] While plaintiff's counsel already received fees in accordance with 42 U.S.C. § 406(a), for services rendered before the SSA, the Social Security Act does not impose a twenty-five percent cap on aggregate fees awarded under both 42 U.S.C. § 406(a) and § 406(b).  Culbertson v. Berryhill, 139 S. Ct. 517, 519 (2019).  Thus, the attorney's fees counsel recovered at the administrative level should not be subtracted from the twenty-five percent of plaintiff's past due benefits awarded under § 406(b).

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) be granted and that plaintiff's counsel be awarded $10,215.26.  Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge DeArcy Hall and to my chambers within fourteen (14) days.  Failure to file objections in a timely manner may waive a right to appeal the District Court's order.  <u>See</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       December 17, 2019