UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL P. JOHNSON,<br><br>                              Plaintiff,<br><br>               v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | **MEMORANDUM AND ORDER<br>ADOPTING REPORT AND<br>RECOMMENDATION**<br><br>16-CV-4219 (LDH) (RML) |

LASHANN DEARCY HALL, United States District Judge:

## BACKGROUND

Plaintiff commenced the instant action on August 16, 2016, seeking review of the Social

Security Administration's (the "SSA") denial of his application for benefits.  (ECF No. 1.)  By

Order dated January 3, 2018, this Court granted in part, and denied in part, Plaintiff's motion for

judgment on the pleadings, denied the Commissioner's cross-motion for judgment on the

pleadings, and remanded the case for further proceedings and additional findings pursuant to 42

U.S.C. § 405(g).  (ECF No. 23.)  By Stipulation and Order dated March 6, 2018, Plaintiff was

awarded $7,000 in attorney's fees in full satisfaction of any claim under the Equal Access to

Justice Act (the "EAJA").  (ECF No. 30.)  The Stipulation and Order allowed payment of fees to

be made to Plaintiff's attorney if Plaintiff agreed to assign his rights to EAJA fees to his attorney,

provided that Plaintiff owed no debt subject to offset under the U.S. Department of Treasury's

(the "Treasury") Offset Program.  (*Id*.)  Plaintiff's counsel did not receive payment because the

Treasury withheld the amount and applied it toward Plaintiff's delinquent student loan debt.

(*See* Oct. 28, 2019 Decl. of Anselmo A. Alegria, Esq. ("Alegria Decl.") ¶¶ 14, 15, ECF No. 33,

Ex. 6, ECF. No. 33-6.)

On August 15, 2019, upon remand and after an administrative hearing, an administrative

law judge rendered a fully favorable decision, finding Plaintiff disabled.  (Alegria Decl. ¶ 4.)  On

September 17, 2019, the SSA issued a Notice of Award to Plaintiff, entitling him to $49,364.80

in retroactive disability payments.  (*Id.* ¶ 5; Ex. 2 ("Notice of Award") at 2, ECF No. 33-2.)  The

SSA reduced that amount to $40,861.05 in a September 30, 2019 Notice of Change of Payment.

(*See* Comm'n's Opp'n Pl.'s Mot. Att'y Fees ("Opp'n") 3, Ex. A, ECF. No. 35.)  In the

subsequent Notice of Award, the SSA advised Plaintiff that it was withholding $6,000 from his

past-due insurance benefits for possible attorney's fee claims related to counsel's representation

of Plaintiff before the SSA.  (*See* Opp'n 3.)  On October 21, 2019, the SSA paid Plaintiff's

counsel $6,000, less a non-refundable administrative surcharge of $95.  (Alegria Decl. ¶ 16.)

On October 28, 2019, Plaintiff moved, pursuant to 42 U.S.C. § 406(b)(1), for attorney's

fees plus costs in the sum of $12,341.20.  (ECF No. 31.)  This amount represents 25% of

Plaintiff's retroactive social security benefits, per the contingency-fee retainer agreement.  (*See*

Alegria Decl. ¶¶ 6, 11, Ex. 3.)  On December 17, 2019, United States Magistrate Judge Robert

Levy issued a report and recommendation ("R&R") recommending that this Court grant

Plaintiff's motion in part, and award Plaintiff's counsel $10,215.26.  (ECF No. 37.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court conducts a *de novo* review of those

portions of a report and recommendation to which a party submits a timely objection.  *Id*.  "To

accept those portions of the report to which no timely objection has been made, "the district

court need only satisfy itself that there is no clear error on the face of the record."  *Estate of*

*Ellington ex rel. Ellington v. Harbrew Imports Ltd*., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011)

(quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

**DISCUSSION**

Although the Commissioner styled its submission as an objection, it states that it "does not oppose the payment of the § 406(b) fee award recommended in the R&R." (Comm'n's Obj. at 1, ECF No. 38.)  Therefore, the Court's review is for clear error.  By its own account, the Commissioner's submission was intended to explain to the Court how its order "can be effectuated by the agency." (*Id*.)  The Commissioner asserts that "because all the money withheld from Plaintiff's past-due benefits has already been paid to his attorney as 406(a) fees, the agency will not be in a position to issue any 406(b) fees directly to counsel." (*Id*.)  Instead, the Commissioner asserts that Plaintiff's counsel can "pursue the procedure set forth in [the SSA's] Program Operations Manual System [('POMS')] to obtain the 406(b) fees that will be awarded by the Court."[1] (*Id*. at 2–3.)  The Commissioner directs the Court specifically to POMS GN 03920.055. (*See id*.)  This section provides that if the agency "fails to withhold past-due benefits" for a 406(b) fee, the representative must "look to [the claimant] for payment."  POMS GN 03920.055(B)(2), available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920055.  It further provides that if the representative is "unable to collect the fee from the claimant," the agency will "[p]ay the representative the maximum amount [it] should have paid from the claimant's [sic] past-due benefits . . . and "[i]nitiate overpayment recovery procedures from the claimant, by refund or adjustment, of the amount paid to the representative, plus the withheld assessment amount."  POMS GN 03920.055(C).

---

[1] "POMS is a set of guidelines through which the Social Security Administration 'further construe[s]' the statutes governing its operations." *Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 186 (2d Cir. 2012) (quoting *Clark v. Astrue,* 602 F.3d 140, 144 (2d Cir.2010)).

Plaintiff responds that the Commissioner's proposition that because all the money withheld from Plaintiff's past-due benefits has already been paid to his attorney as 406(a) fees, the agency will not be in a position to issue any 406(b) fees plainly disregards the language of 42 U.S.C. § 406(b)(1) as well as the Supreme Court's recent holding in *Culberston v. Berryhill*, 193 S. Ct. 517, 202 L.Ed.2d 469 (2019).  (Pl.'s Resp. Comm'n's Obj. ("Pl.'s Resp.") ECF No. 41.) The Court agrees.

The Social Security Act ("the Act") regulates the fees that attorneys may collect for representing claimants seeking Title II benefits both before the SSA and in federal court.

§ 406(a) of the Act provides:

> [W]henever the Commissioner . . . makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix . . . a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(a).

§ 406(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% percent of the total of past-due benefits to which the claimant is entitled . . . .

*Id*. § 406(b)(1)(A).

In *Culberston*, The Supreme Court analyzed the import of the Commissioner's decision to withhold a single pool of money to pay attorney's fees for both agency and court representation under an identical fact pattern.  *Culbertson*, 193 S.Ct. at 522.  There, the SSA awarded the claimant past-due disability benefits, withheld 25% of those benefits, and used that sum to pay fees pursuant to § 406(a).  *Id*.  Plaintiff's counsel later moved the district court for fees under § 406(b).  *Id*.  Drawing explicitly on the text of the Act, the Court held that "the 25%

cap applies only to fees for representation before the court, not the agency." *Id*.  The Court

granted plaintiff's counsel request for fees pursuant § 406(b) and rejected the Commissioner's

argument that, where the Commissioner withholds only one pool amounting to 25% of past-due

benefits from which to pay attorney's fees for both agency and court representation, an attorney

seeking fees in excess of that pool must seek payment from his client.  *Id*. at 523 (rejecting

argument that plaintiff's counsel "may need to file to a lawsuit against his disabled client to

collect the difference").  The same outcome is warranted here.  The Court rejects the

Commissioner's argument that, pursuant to POMS GN 03920.055(B)(2), plaintiff's counsel

should "look to [the claimant] for payment."  (Comm'n's Obj. at 2.)  *See Lopes v. Dep't of Soc.*

*Servs.*, 696 F.3d 180, 186 (2d Cir. 2012) ("We have declined to defer to the POMS 'where the

plain language of the statute and its implementing regulation do not permit the construction

contained within the manuals.'").  The Commissioner asserts no other objection to paying the §

406(b) fees.

### CONCLUSION

For the foregoing reasons, Magistrate Judge Levey's Report and Recommendation is

ADOPTED in its entirety as the opinion of this Court.  Plaintiff's motion for attorney's fees is

GRANTED in part.  Plaintiff's counsel is awarded $10,215.26 against the Commissioner.


SO ORDERED:


/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
         October 19, 2020