UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MICHAEL P. JOHNSON,

      Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

16-CV-04219 (LDH) (ST)

**TISCIONE, United States Magistrate Judge:**

  Plaintiff Michael P. Johnson (the "Plaintiff") moves for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A). *See* Pl.'s Mot. for Att'y Fees ("Pl's Mot."), ECF No. 44.  The Honorable LaShann DeArcy Hall referred the motion to this Court for a Report and Recommendation. *See* Order, 16-cv-04219 (E.D.N.Y. Oct. 26, 2020).  For the reasons stated below, this Court respectfully recommends that the Plaintiff's motion be GRANTED.

  I.  BACKGROUND

  Plaintiff commenced this case on August 2, 2016, seeking review of a denial of his application for benefits by the Social Security Administration's ("SSA"). *See* Complaint, ECF No. 1.  On January 3, 2018, Judge DeArcy Hall granted in part and denied in part plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings, and remanded the decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") for further proceedings and additional findings pursuant to 42 U.S.C. § 405(g). *See* Order, 16-cv-04219 (E.D.N.Y. Jan. 3, 2018), ECF No. 23.  Thereafter, on March 6, 2018, the District Court approved a stipulation between the parties awarding Plaintiff's counsel $7,000.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

1

§ 2412. *See* Stipulation and Order, 16-cv-04219 (E.D.N.Y. Mar. 6, 2018), ECF No. 30.

On August 15, 2019, upon remand and after an administrative hearing, the SSA rendered a fully favorable decision, finding plaintiff disabled for Supplemental Security Income ("SSI") only. *See* Decl. of Anselmo A. Alegria in Supp. of Mot. for Atty's Fees ("Alegria Decl.") ¶ 4, ECF No. 46. Plaintiff filed an appeal with the Office of the SSA's Appeals Council ("Appeals Council"), which issued a decision and found Plaintiff entitled to an award of Social Security Disability Insurance ("SSDI"), in addition to SSI benefits. *Id.* ¶¶ 5-6.

On September 27, 2020, the SSA issued a Notice of Award to plaintiff, finding that he was entitled to $18,070.50 in retroactive SSDI payments. *Id.*, Ex. 2 ("Notice of Award"), ECF No. 46-2. The Notice of Award was initially sent to Plaintiff counsel's old mailing address. *Id.* On September 30, 2020 it was forwarded by the Post Office to the correct address, eventually reaching Plaintiff counsel's current address on October 5, 2020. *See id.*; *see* Alegria Decl. ¶¶ 8-9, ECF No. 46. On October 16, 2020, Plaintiff filed this motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A), Pl's Mot., ECF No. 44, which was thereafter referred to the Court by Judge DeArcy Hall for a report and recommendation. *See* Order, 16-cv-04219 (E.D.N.Y. Oct. 26, 2020).

In his motion, and as agreed upon in the contingency-fee retainer agreement, Alegria Decl., Ex. 3 ("Retainer Agreement"), ECF No. 46-3, Plaintiff's counsel requests a fee of 25% of plaintiff's retroactive social security benefits equaling $4,517.63. *See* Alegria Decl. ¶¶ 10, 13, ECF No. 46. He also requests that no deduction be made pursuant to the EAJA, as the entirety of the $7,000 previously awarded to him was withheld pursuant to the Treasury Offset Program, and thus never actually realized. *See* Alegria Decl. ¶ 15-17, ECF No 46; *see* Stipulation and Order, ECF No 46-5; *see* U.S. Treas. Dep't Notice, ECF No. 46-6. In support of his motion, Plaintiff's counsel submitted contemporaneously generated time records documenting that he spent 37.98 hours

representing plaintiff in this court, which is typical of the approximately 2,000 social security disability cases he has handled since he began practicing social security disability law in 2009. *See* Alegria Decl. ¶ 12, 21-22, ECF No. 46; s*ee* Alegria Decl., Ex. 4 ("Time Records"), ECF No. 46-4.

On November 18, 2020, the SSA issued a Replacement Notice of Award ("Replacement Notice"). *See* Replacement Notice, ECF No 50[1]. The Replacement Notice states that Plaintiff's retroactive SSDI payments total $17,736.00, $334.50 less than the total contained in the original Notice of Award. *See* Replacement Notice, ECF No. 50; *see* Pl.'s Reply ¶ 7, ECF No. 51. A twenty-five percent award for attorney fees based upon the Replacement Notice would equal $4,434.00. *See* Def.'s Resp. at 2, ECF No. 50.

Defendant filed its response to Plaintiff's motion on November 19, 2020. *See* Def.'s Resp., ECF No. 50. In it, they noted the change in award outlined in the Replacement Notice but did not oppose the award as unreasonable. *See id*. Further, while they argue that Plaintiff's motion was filed more than 14 days after the issuance of the initial Notice of Award, they acknowledge that the issuance of the Replacement Notice may negate any lateness issue. *Id*. Finally, Defendant does not oppose Plaintiff counsel's request that no EAJA deduction be made. *Id*.

Plaintiff filed his reply on November 24, 2020. *See* Pl.'s Reply, ECF No. 51. Therein, he amended his calculation to align with the Replacement Notice, thus now requesting an award of $4,434.00. *See id.* ¶ 10.

## II. STANDARD OF REVIEW

In relevant part, 42 U.S.C. § 406(b)(1) states that:

---

[1] For clarity, the Court, relying on the ECF generated page numbers in Defendant's response to Plaintiff's motion, refers to pages 1-3 as Defendant's response ("Def.'s Resp."), and pages 4-10 as the Replacement Notice of Award ("Replacement Notice.").

3

> [w]henever a court renders a judgment favorable to a claimant under this subchapter, who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% percent of the total of past-due benefits to which the claimant is entitled….

42 U.S.C. § 406(b)(1)(A). In this context, courts will enforce contingency fee arrangements unless they are unreasonable. *See Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Under § 406(b), a contingent-fee agreement cannot exceed 25% of past-due benefits. 42 U.S.C. § 406(b)(1)(A). Even if a contingent-fee agreement limits fees to the statutory cap, a court must still review the agreement "as an independent check, to assure ... reasonable results in particular cases." *Gisbrecht v. Barnhart*, 525 U.S. 789, 807 (2002). Because "Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,'" the party seeking the fee award "bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. Therefore, regardless of whether the Commissioner opposes it, the Court must review the asserted reasonableness of the request. *Ewald v. Comm'r of Soc. Sec.*, 2008 WL 4104458, at *1 n.1 (E.D.N.Y. Sept. 3, 2008).

### III. DISCUSSION

#### A. Timeliness

Before addressing the reasonableness of Plaintiff counsel's requested fee, the Court must decide the threshold issue of timeliness.

"Although 42 U.S.C. § 406(b) contains no time limitation for filing a motion for attorney's fees, the Second Circuit has determined that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure provides the applicable limitations period for filing § 406(b) motions." *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019) (internal quotation marks

omitted)). Pursuant to Rule 54(d)(2)(B), a post-judgment motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). "[I]n the context of § 406(b) motions …the 14-day time limit under Rule 54(d)(2)(B) is subject to equitable tolling when [parties] … must await the SSA Commissioner's calculation of benefits." *Williams*, 2021 WL 4480536, at *2 (quoting *Sinkler*, 932 F.3d at 87-88, 91) (internal quotation marks omitted)). The relevant date when the equitable tolling period ends and the 14-day filing period begins to run is "when counsel receives notice of the benefit award." *Id*. (quoting *Sinkler*, 932 F.3d at 88). Further, the 14-day limitation period for fee applications "is not absolute." *Sinkler*, 932 F.3d at 89-90 (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 n.2 (11th Cir. 2006)). "[D]istrict courts are empowered to enlarge that filing period where circumstances warrant … [and appellate courts will] generally defer to a district court in deciding when such an alteration is appropriate." *Sinkler*, 932 F.3d at 89-90 (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 n.2 (11th Cir. 2006)).

In this case, the initial Notice of Award is dated September 27, 2020. *See* Notice of Award, ECF No. 46-2. Normally, this would create the presumption that Plaintiff's counsel received the letter three days later, thus starting the 14-day period on September 30, 2020. See *Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing."). Plaintiff's filing date of October 16, 2020 falls outside of the 14-day period. However, Plaintiff alleges that the Notice was sent to a previous address, requiring it to be forwarded, and was therefore not received until October 5, 2020. *See* Alegria Decl. ¶¶ 8-9, ECF No. 46. Those circumstances alone would warrant the extension of the 14-day

5

deadline. *See e.g. Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2021 WL 4990049, at *3 (D. Vt. Oct. 27, 2021). Furthermore, the operative notice is the Replacement Notice, which was dated November 18, 2020. *See* Replacement Notice, ECF No. 50. Thus, any lateness that may have existed must be negated by the issuance of the Replacement Notice, which notably seems to suffer from the same maladies as the initial Notice as it bears the wrong mailing address for Plaintiff's counsel. *See id.* Accordingly, Plaintiff counsel's motion should be deemed timely.

    **B.**    **Reasonableness**

Plaintiff's counsel is requesting 25% of the past-due benefits, the maximum allowed under 42 U.S.C. § 406(b)(1)(A), pursuant to a contingency fee agreement. *See* Alegria Decl. ¶ 10; *see* Retainer Agreement, ECF No. 46-3. Contingency fee arrangements will be enforced unless they are unreasonable. *See Sullivan*, 907 F.2d at 370. In deciding whether a fee is unreasonable, courts consider "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *see also Gisbrecht*, 535 U.S. at 808. To determine whether an award would constitute a windfall, courts in this circuit have identified several considerations, including:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, No. 06 CV 1150, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, No. 05 CV 1592, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). Additionally, should an attorney receive an award under both 406(b) and the EAJA for the same work, the lesser of those two amounts must be returned. *See* 28 U.S.C. §2412; *see Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

Plaintiff counsel's request is not unreasonable.  First, he secured positive outcomes for his client multiple times during the pendency of this litigation, both before the SSA and the District Court. *See* Alegria Decl. ¶ 3-6, ECF No. 46.  Next, it is plain from the procedural history of this case that Plaintiff's counsel more than adequately represented his client by forming sufficiently persuasive legal arguments such that the decisions of the SSA were twice overturned, first by the District Court and thereafter by the Appeals Council. *See id.*  In so doing, Plaintiff's counsel spent 37.98 hours representing Plaintiff in this court, which is an amount of time within the acceptable range for social security matters. *See, e.g., Almodovar v. Saul*, No. 16 CV 7419, 2019 WL 6207784, at *3 (S.D.N.Y. Nov. 21, 2019) (citing *Borus v. Astrue*, No. 09 CV 4723, 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012)).  Plaintiff counsel's *de facto* hourly rate is therefore $385.71[2], which falls within rates that have already been found reasonable in this court. *See, e.g.,* Heffernan *v. Astrue*, 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. Feb. 10, 2015); *Thompson v. Colvin*, No. 1:15-cv-06064-LDH (E.D.N.Y. June 5, 2018); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638-39 (E.D.N.Y. 2015).  Additionally, this award should be unincumbered by a EAJA deduction as Plaintiff's counsel never actually received payment under the EAJA so there is no sum to return. *See* Alegria Decl. ¶ 15-17, ECF No 46; *see* Stipulation and Order, ECF No 46-5; *see* U.S. Treas. Dep't Notice, ECF No. 46-6.

Accordingly, this Court respectfully recommends that the Plaintiff's motion for attorney's

---

[2] As discussed, Plaintiff received two fully favorable decisions: one for past-due SSI benefits, and a second for past-due SSDI benefits.  Plaintiff's counsel was awarded $10,215.26 in attorney's fees in connection with the Notice of Award issued on the SSI decision. *See Johnson v. Comm'r of Soc. Sec.*, No. 16-CV-4219 (LDH) (RML), 2020 WL 6128966, at *1 (E.D.N.Y. Oct. 19, 2020).  Adding the $4,434.00 in attorney's fees from Replacement Notice results in a total award of $14,649.26 ($10,215.26 + $4,434.00).  Thus, the total award of $14,649.26 is divided by the 37.98 hours Plaintiff's counsel worked on this case, to find the *de facto* hourly rate of $385.71.

fees and related relief be GRANTED in its entirety.

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Plaintiff's motion for attorney's fees be GRANTED, and that Plaintiff's counsel be awarded $4,434.00, without deduction.

### A. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
January 14, 2022